UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL S. GORBEY,

    Plaintiff,

v.                                                                                  Case No: 5:23-cv-459-WFJ-PRL

FNU HARR, et al.,

    Defendants.
_____/

## ORDER

    THIS CAUSE is before the Court on Plaintiff Michael S. Gorbey's Civil Rights Complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), (Doc. 1), in which he alleges that staff at United States Penitentiary Coleman continue to harass him by seizing Plaintiff's writing materials and performing unnecessary cell searches. Plaintiff also seeks leave to proceed *in forma pauperis* under 28 U.S.C § 1915. (Doc. 2).

    Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)     In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See, e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice filings previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See* Order (Doc. 4), *Gorbey v. Federal Bureau of Prisons, et al.,* Case No. 5:10-cv-309-CEH-GRJ (M.D. Fla. July 28, 2010) (finding that Plaintiff has previously been designated a three-strikes litigant).  Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's allegations of past harms[1] are insufficient to show he is under imminent danger of serious physical injury. *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

It is now **ORDERED** and **ADJUDGED**:

---

[1] Plaintiff states he was physically assaulted on July 5, 2023, July 6, 2023, and July 9, 2023. (Doc. 1 at 4). Plaintiff does not state who assaulted him on those dates.

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff
Counsel of Record